# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HERBERT R. LEWIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-11-196-F |
| | ) | |
| R. B. HAUF, Sheriff; PHILLIP CORLEY, | ) | |
| Chief Judge, Ninth Judicial Dist.; | ) | |
| TOM LEE, District Attorney; | ) | |
| DR. TAYLOR, Head of Medical Services; | ) | |
| and NURSE C. WILLIAMS, R.N., in Charge | ) | |
| of Medical Operations, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Herbert R. Lewis, Jr., a state prisoner appearing *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

An initial review of the Amended Complaint [Doc. #6] has been conducted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915 (pertaining to *in forma pauperis* proceedings). It is recommended that the Amended Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted and on grounds Plaintiff seeks monetary relief against a defendant who is immune from such relief. It is further recommended that this dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## I. Factual Background and Claims for Relief

Plaintiff is currently detained at the Payne County Jail, Payne County, Oklahoma. Although not expressly stated, the allegations of the Amended Complaint indicate that Plaintiff is detained at the Payne County Jail as a pretrial detainee, awaiting a criminal trial on charges pending against him. Plaintiff alleges he was booked into the Payne County Jail on February 8, 2011. Plaintiff filed his initial Complaint [Doc. #1] in this action on February 24, 2011, and his Amended Complaint [Doc. #6] on March 22, 2011.

Plaintiff brings three grounds for relief. In Count I of the Amended Complaint, Plaintiff alleges officials at the Payne County Jail have not responded to grievances he has submitted concerning Plaintiff's alleged lack of access to legal materials and/or a law library. In Count II, he expresses dissatisfaction with his representation by Virginia Banks, a public defender appointed to represent Plaintiff. Plaintiff alleges Ms. Banks has demonstrated a "disinterest" and "unwillingness" to assist in his defense by not providing him access to a law library and legal materials. In Count III, Plaintiff alleges he has not received proper medical care while detained at the Payne County Jail. He alleges he did not receive his medication on the day he was booked in and that since then his medication has not been dispensed properly.

Plaintiff names as Defendants the following persons: Judge Phillip Corley, Payne County District Court; Tom Lee, District Attorney, Payne County; R.B. Hauf, Sheriff, Payne County; Dr. Taylor, Head of Medical Services for Payne County; and Nurse C. Williams, the individual in charge of medical operations at the Payne County Jail.

As relief, Plaintiff seeks an award of actual and punitive damages. In addition, he requests that Defendants be removed from office.

## II. Grounds for *Sua Sponte* Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissal of a complaint filed *in forma pauperis* is proper for failure to state a claim upon which relief may be granted. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). *See also* 28 U.S.C. § 1915A(b)(1). As with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

## III. Analysis

### A. Count I – Failure to Respond to Grievances

In Count I, Plaintiff alleges that on February 13, 2011, he submitted a grievance regarding his alleged lack of access to a law library and legal materials and his "conditions of confinement" but received no response from jail officials. He alleges that on March 1, 2011, he raised similar issues in a grievance submitted directly to Defendant Sheriff Hauf but received no response to the grievance. Plaintiff alleges on March 8, 2011, he again submitted

a grievance on the same subject matter but received no response. And finally, Plaintiff alleges on March 10, 2011, he submitted yet another grievance and a jail officer responded that "he'll do what he can."

To the extent Plaintiff claims in Count I of the Amended Complaint that his constitutional rights have been violated as a result of Defendants' failure to respond to his grievances, Plaintiff has failed to state a claim upon which § 1983 relief may be granted. A prisoner has no constitutional right to a grievance procedure and therefore a failure to respond to grievances does not violate a prisoner's constitutional rights. *See, e.g.*, *Green v. Corrections Corp. of America*, 401 Fed. Appx. 371, 375 n. 4 (10th Cir. Nov. 8, 2010) (unpublished op.) (prisoner had no constitutional right to use the prison grievance procedure); *Sawyer v. Green*, 316 Fed. Appx. 715, 717 (10th Cir. June 20, 2008) (unpublished op.) (jail and sheriff's office authorities' lack of response to prisoner's grievances did not constitute a constitutional violation; "[p]rocedurally, nothing more is required than Sawyer's ability to raise his constitutional claims in the courts, which he obviously had done here by filing a § 1983 complaint"); *Walters v. Corrections Corp. of America*, 119 Fed. Appx. 190, 191 (10th Cir. Dec. 7, 2004) (unpublished op.) (prisoner failed to state a claim for § 1983 relief where he alleged a denial of access to state administrative grievance procedures; "'the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance'") (*quoting Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

To the extent Plaintiff further alleges a denial of access to the courts, he also fails to state a plausible claim upon which § 1983 relief may be granted. Plaintiff alleges he has been denied access to a law library at the Payne County Jail and/or has been denied access to legal materials to prepare his defense. Although the Supreme Court has recognized a fundamental constitutional right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Court has made it clear that prisoners are entitled to meaningful, but not total or unlimited, access to the courts. *Id.* at 823. Further, a prisoner's contentions of deprivation of access to courts must show actual injury, not mere deprivation, as a "constitutional prerequisite" to bringing a claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Fatal to Plaintiff's claim is the fact that he has not identified any actual injury resulting from the alleged denial of access to the courts. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (finding prisoner's claims of denial of access to a law library and allegations that he was unable to research and prepare initial pleadings too conclusory to present a plausible claim for denial of access to courts).

In sum, dismissal of the claims raised in Count I of the Amended Complaint is warranted. Plaintiff has failed to allege facts demonstrating a plausible claim that his constitutional rights have been violated as a result of Defendants' failure to respond to his grievances and/or his alleged lack of access to a law library or legal materials.

### B. Count II – Public Defender Representation / Denial of Access to Law Library and Legal Materials

In Count II of the Amended Complaint, Plaintiff alleges Virginia Banks, the court-appointed public defender representing Plaintiff in pending criminal proceedings in Payne County District Court, has not been assisting him with his defense. Specifically, he claims she has not complied with his requests for access to a law library or to legal materials. He contends her failure to assist him borders on obstruction of justice.

Fundamentally, Plaintiff's claim fails because he does not allege facts demonstrating the alleged denial of access to a law library or legal materials has caused him actual injury. As set forth above, to the extent he claims he has been hindered in his pending criminal proceedings, he identifies no injury and his allegations are wholly conclusory and insufficient. Further, he has not demonstrated any injury in his ability to pursue the instant § 1983 action.

Moreover, Plaintiff has not named Ms. Banks as a defendant in this action. Instead, he seeks to impose § 1983 liability on Defendants Judge Phillip Corley of the Payne County District Court and Defendant Tom Lee, District Attorney for Payne County. Plaintiff alleges these Defendants are somehow responsible for Ms. Banks' alleged violations of his constitutional rights. But § 1983 actions can only be maintained against a person who "subjects or causes to be subjected" any other person to a violation of rights secured by the Constitution. 42 U.S.C. § 1983. To prevail on a claim brought pursuant to § 1983, a plaintiff

must demonstrate the defendant was both the but-for and proximate cause of the plaintiff's injury. *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

The Amended Complaint contains no allegations demonstrating that Defendants Corley or Lee have caused the alleged deprivation of Plaintiff's constitutional right of access to the Courts. Plaintiff does not allege Defendants Corley and Lee personally deprived him of his right of access to a law library or to legal materials. Nor does Plaintiff allege facts demonstrating a claim based on supervisory liability. The Supreme Court recently outlined pleading requirements necessary to state a claim in a civil rights action against a government official based on supervisory liability:

> Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution.

*Ashcroft v. Iqbal*, --U.S.--, 129 S.Ct. 1937, 1948 (2009).[1] Plaintiff does not allege any facts demonstrating these Defendants have any supervisory authority over Plaintiff's court-appointed attorney, Virginia Banks. To the extent Plaintiff alleges Defendants Corley and Lee should have known Ms. Banks would violate his constitutional rights, his allegations, again, are wholly conclusory.

Finally, to the extent Plaintiff attempts to bring a claim against Defendant Judge Corley based on his conduct in appointing Ms. Banks as Plaintiff's attorney, Plaintiff's claim

---

[1]In *Iqbal*, the Plaintiff's claims were based on the actions of federal officials. The claims were, therefore, brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Court noted that the same principles apply to civil rights actions brought pursuant to § 1983.

7

also fails.  Judge Corley's appointment of Ms. Banks as Plaintiff's attorney is a function normally performed by a judge, and was performed in the context of Plaintiff's pending criminal proceedings.  Accordingly, Judge Corley is entitled to absolute judicial immunity. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (claims that judges violated § 1983 plaintiff's constitutional rights while presiding over his criminal trial were subject to absolute judicial immunity).

The claims raised in Count II of the Amended Complaint should be dismissed. Plaintiff has failed to state plausible claims for § 1983 relief against Defendants Corley and Lee.  In addition, Defendant Judge Corley is entitled to absolute judicial immunity from § 1983 liability.

### C.    Count III - Delay and/or Denial of Medical Care

In Count III of the Amended Complaint, Plaintiff alleges Defendants Williams and Taylor acted negligently in failing to prescribe proper medication and/or failing to dispense proper dosages of medication.

The Eighth Amendment prohibits prison officials' deliberate indifferent to the serious medical needs of prisoners in their custody.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (citation omitted).[2]

---

[2]Plaintiff is detained at the Payne County Jail as a pretrial detainee. "Under the Fourteenth Amendment due process clause, pretrial detainees are entitled to the degree of protection against denial [or delay] of medical attention which applies to convicted inmates under the Eighth (continued...)

An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension." *Id.* (quotations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Eighth Amendment violation recognized only if medical needs are "serious"). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citation and internal quotations omitted).

Plaintiff's allegations regarding Defendants' conduct in determining correct dosages of his medication are conclusory and fail to demonstrate "substantial harm" to Plaintiff. In addition Plaintiff fails to allege facts demonstrating the subjective component, *i.e.*, that the Defendants acted with deliberate indifference. *See Mata*, 427 F.3d at 751(*citing Estelle*, 429 U.S. at 106). Instead, Plaintiff alleges only that Defendants acted with "negligence," but "'negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment.'" *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir.

---

²(...continued)
Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir.) (quotation and ellipses omitted), *cert. denied*, 130 S.Ct. 259 (2009). As the Tenth Circuit has determined, the scope of protection afforded pretrial detainees is co-extensive with the Eighth Amendment. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.") (citation omitted); *see also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, [and courts in this circuit] appl[y] an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.").

2008) (*quoting Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). Accordingly, Plaintiff has failed to state a plausible claim for relief based on alleged negligent medical care, and Count III of the Complaint should be dismissed.

**RECOMMENDATION**

It is recommended that Plaintiff's civil rights action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a claim upon which relief may be granted and on grounds Plaintiff seeks monetary relief against a defendant who is immune from such relief. The dismissal should be counted as a "strike" pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his appeals. *See Hafed v. Federal Bureau of Prisons*, -- F.3d --, 2011 WL 338417 at *2 (10th Cir. Feb. 4, 2011) (for publication).[3]

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by May __2nd__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[3]The dismissal should not count as a strike against Plaintiff "until he has exhausted or waived his appeals." *Hafed*, 2011 WL338417 at *2. Specifically, a strike should count against Plaintiff "from the date when his time to file a direct appeal expire[s]." *Id*. Or, if Plaintiff timely files a direct appeal, the strike should count against him "from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if [Plaintiff] file[s] one, or from the date when the time to file a petition for writ of certiorari expire[s], if he d[oes] not." *Id*.

10

## STATUS OF REFERRAL

This Report and Recommendation, if adopted, terminates the referral by the District Judge in this matter.

ENTERED this __11th__ day of April, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE